UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DRAKE WIDLAKE,

              Plaintiff,                                   **COMPLAINT**

    -against-

PELOTON INTERACTIVE, INC.,
and PELOTON INTERACTIVE, LLC,

              Defendants.
------------------------------------------------------------X

        Plaintiff, Drake Widlake, by his attorneys Steiner & Kostyn LLP, complains of the defendants as follows:

## SUMMARY OF ACTION

1. Defendant Peloton Interactive, Inc. ("Peloton") creates and broadcasts online cycling classes consumed by customers in person and interactively in conjunction with its proprietary cycling equipment. In essence, Peloton offers spin classes, in competition with entities such as SoulCycle, but with both an in person and online component. Defendant Peloton Interactive LLC is, upon information and belief, the predecessor in interest to Peloton and is inactive.

2. Plaintiff, Drake Widlake, was employed by Peloton beginning April 15, 2014, until he was terminated on August 26, 2015. Plaintiff's position involved the physical recording, broadcasting, and preservation of Peloton broadcasts.

3. During the entire period of his employment with Peloton, the Plaintiff consistently worked more than 40 hours per week and worked shifts of greater than 10 hours per day. Peloton never provided the plaintiff with wage notices required by New York Law upon his hire or

during each pay period.

4. Plaintiff is suing defendant for unpaid wages and overtime compensation under the Fair Labor Standards Act ("FLSA") and its accompanying regulations and for unpaid wages and overtime and spread of hours compensation under the New York Labor Law ("NYLL") and its accompanying regulations.

5. Although the Plaintiff was never an exempt employee, in about October of 2014, Peloton changed Plaintiff's title from "Production Technician" to "Production Manager" in an attempt to misclassify the Plaintiff and shield itself from overtime liability.

6. Plaintiff brings this action pursuant to 29 U.S.C. §216(b) to remedy Defendants' violation of the overtime provision of the FLSA, 29 U.S.C. §§201 *et seq*. and supporting United States Department of Labor regulations.

7. Plaintiff also brings this action pursuant to NYLL §663(1) to remedy Defendants' violation of the overtime and spread of hours provisions of the NYLL §§650, *et seq*. and supporting New York Department of Labor regulations.

**PARTIES**

8. Plaintiff Drake Widlake, is an individual residing in New York, New York.

9. Defendant, Peloton is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 227 West 29th Street, New York, NY.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331,

which provides jurisdiction over cases involving federal questions.

11.     This Court may assert supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367(a), which provides jurisdiction over state law claims involving the same case or controversy as a federal question claim.

12      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391. Peloton's offices are located within the Southern District of New York, and all of the events giving rise to this action took place in the Southern District of New York.

## FACTS

13.     Plaintiff was hired by Peloton on April 15, 2014 as a production technician employed at Peloton's studio in Manhattan, New York.

14.     In his capacity as production technician, Plaintiff's duties consisted of preparing for broadcast and recording, recording and streaming, preparing and uploading the broadcast. His duties were technical. For example, Widlake would check microphones and computers, adjust cameras and lights, stream and queue the broadcast, edit and encode the broadcast and upload it to the on demand library.

15.     In about October of 2014, Widlake was told that he was working too many overtime hours and was informed that Peloton had decided to make him a manager and put Widlake on salary. Widlake was thereafter required to attend manager's meetings but retained all of his duties as production technician as his primary responsibility.

16.     Plaintiff's primary duties never included the exercise of discretion and independent judgment with respect to matters of significance.

17. Prior to October of 2014, Widlake was paid on an hourly basis but was not paid wages for hours worked over 40 hours per week, was not paid overtime compensation, and was never paid spread of hours pay. Subsequent to his misclassification as an exempt employee by Peloton in October, 2014, Plaintiff was made a salaried employee and was never paid for hours worked over 40 hours per week, was not paid overtime compensation and was not paid spread of hours pay for any day during which he worked over 10 hours.

## AS AND FOR A FIRST CAUSE OF ACTION
## FLSA OVERTIME VIOLATIONS

18. Paragraphs 1 through 17 are restated and realleged with the same force and effect as if fully stated and alleged herein.

19. Pursuant to 29 U.S.C. §207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

20. At all relevant times, Defendants were "employers" within the meaning of the FLSA and subject to its overtime requirement because, pursuant to 29 U.S.C. §203(s), they are enterprises that have employees engaged in commerce and have annual gross volume sales made or business done of not less than $500,000.

21. At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA. From the commencement of and throughout the tenure of his employment with Peloton, the Plaintiff

was required to work for greater than 8 hours during most days and on weekends. Throughout his tenure, during a typical month, the Plaintiff worked at least 75 overtime hours. As a result of the forgoing, throughout his tenure at Peloton, Plaintiff worked in a work week longer than 40 hours without receiving overtime compensation.

22. Upon information and belief, Defendants willfully and intentionally failed to pay the Plaintiff wages and overtime and, beginning in October, 2014, misclassified the Plaintiff as an exempt employee.

23. Defendants intentionally violated the FLSA's overtime requirement.

24. Pursuant to 29 U.S.C. §216, Plaintiff is entitled to an amount equal to his damages as liquidated damages.

25. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and he is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216(b).

<u>**AS AND FOR A SECOND CAUSE OF ACTION**</u><br><u>**NYLL OVERTIME VIOLATIONS**</u>

26. Paragraphs 1 through 25 are restated and realleged with the same force and effect as if fully stated and alleged herein.

27. At all relevant times, Defendants were "employers" within the meaning of the New York Labor Law §§ 2 and 651, and therefore subject to its overtime requirements.

28. At all relevant times, Plaintiff was an "employee" within the meaning of the New York

Labor Law §§2 and 651.

29. Defendants willfully and intentionally failed to pay Plaintiff overtime compensation when he worked in excess of 40 hours per week, which is a direct violation of New York Labor Law §650. *et seq*., and its supporting regulations, including but not limited to, 12 N.Y.C.R.R. §138-2.2.

30. Pursuant to New York Labor Law §663, Plaintiff is entitled to an amount equal to 100% of his damages as liquidated damages.

31. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and he is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to New York Labor Law §650. *et seq*.

### AS AND FOR A THIRD CAUSE OF ACTION
### NYLL SPREAD OF HOURS VIOLATIONS

32. Paragraphs 1 through 31 are restated and realleged with the same force and effect as if fully stated and alleged herein.

33. Throughout the course of Plaintiff's employment, Defendants employed Plaintiff in a workday frequently longer than 10 hours without paying him spread of hours compensation.

34. Defendants, without good faith, willfully and intentionally failed to pay Plaintiff spread of hours compensation in direct violation of New York Labor Law §650 *et seq*. and its supporting regulations, including but not limited to 12 N.Y.C.R.R. §138-2.6.

35. Pursuant to New York Labor Law §663, Plaintiff is entitled to an amount equal to 100%

of his damages as liquidated damages.

36. As a result of Defendants' unlawful acts, Plaintiff has been deprived of spread of hours compensation and other wages in an amount to be determined at trial, and he is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to New York Labor Law §650, *et seq*.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**NYLL FAILURE TO PROVIDE WAGE NOTICES**

37. Paragraphs 1 through 36 are restated and realleged with the same force and effect as if stated and alleged herein.

38. The Defendants failed to furnish to the Plaintiff at the time of hiring a notice of the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other, allowances, if any claimed as part of the minimum wage including tip, meal, or lodging, the regular pay day designated by the employer in accordance with §191 of the New York Labor Law; the name of the employer, any doing business as names used by the employer, the physical address of the employer's main office and other information required by §195(1) of the New York Labor Law.

39. The Defendant failed to furnish with each wage payment a statement properly setting forth the basis of the salary paid Plaintiff as required by New York Labor Law §195(3).

40. As a result thereof, the Plaintiff is entitled to recover from the Defendants liquidated damages of $50.00 per workweek that the violation occurred up to a maximum of $2,500.00, reasonable attorneys' fees, costs and disbursements of the action pursuant to §198(1)(d) of the New York Labor Law.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the following relief:

1. A declaratory judgment that the practices complained of herein are unlawful under the New York Labor Law and the FLSA;

2. Unpaid wages and overtime compensation and an equal amount as liquidated damages for willful failure to pay wages pursuant to the FLSA and its supporting regulations;

3. Unpaid wages and overtime compensation and an amount equal to 100% of the unpaid wages and overtime compensation as liquidated damages pursuant to NYLL and its supporting regulations;

4. Unpaid spread of hours compensation and an amount equal to 100% of the unpaid spread of hours compensation as liquidated damages pursuant to New York Labor Law and its supporting regulations;

5. Wage Notice liquidated damages under the NYLL;

6. Attorneys' fees and costs;

7. Pre-judgment interest; and

8. Such other and further relief as this Court shall deem just and proper.

Dated: White Plains, NY

October 18, 2016

*[signature]*
Scott J. Steiner
Steiner & Kostyn LLP
Attorneys for Plaintiff
2 William Street Suite 302
White Plains, NY  10601
(914) 328-4734