

May 30, 2017

Hon. Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street Courtroom 17D
New York, NY 10007

Re:   Drake Widlake v. Peloton Interactive Inc., et al
      16-cv-8129 (KHP)

Dear Magistrate Parker:

This letter is submitted on behalf of both the Plaintiff and the Defendants' counsel, to request that the settlement reached at the Court Settlement Conference held before Your Honor on March 24, 2017 be approved by the Court. A copy of the signed settlement agreement is annexed herein as Exhibit "A."[1]

This is an individual action by Drake Widlake for alleged unpaid wages and overtime brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq* and the New York Labor Law ("NYLL"). Plaintiff also seeks damages for spread of hours pay and notice violations under the NYLL. Additionally, the plaintiff seeks liquidated damages and attorney's fees under the FLSA and NYLL.

The relevant allegations in the complaint are as follows: Plaintiff was an employee of the defendant Peloton Interactive, LLC and its predecessor Peloton Interactive, Inc. (together referred to as "Peloton") from April 15, 2014 until August 26, 2015. Plaintiff alleges that he was an hourly employee from April 15, 2014 until about September 30, 2014, first as a production technician and later as lead production technician. Plaintiff alleges that he was promoted to the position of manager beginning on October 1, 2014, but that under established law, he was not an exempt employee in his new position. Plaintiff alleges that he was misclassified as an exempt employee by Peloton beginning on October 1, 2014. Plaintiff alleges that Peloton failed to pay him wages and overtime during the period prior to October 1, 2014, when he was paid on an

---

[1] Defendants take no position on the request of plaintiff's counsel for the approval of the attorney's fee.

Steiner & Kostyn LLP | 2 William Street, Suite 302, White Plains, N.Y. 10601
Telephone (914) 328-4734 | Fax (914) 328-8648 | e-mail ss@steinerkostyn.com

hourly basis. Plaintiff alleges that once he was promoted to the position of "manager" he was misclassified as an exempt employee, although his primary duties did not fall under any FLSA exemption to overtime and Peloton failed to pay wages and overtime during that period.

If plaintiff were to prevail on all of his claims, his unpaid wages, exclusive of liquidated damages and attorney's fees would be approximately $42,201.00. The Defendants concede that some wages were not paid during the period prior to October 1, 2014 and allege that the amount that they owe the Plaintiff, for wages prior to October 1, 2014, is $3,366.01, exclusive of liquidated damages. There is, therefore, an enormous disparity between the positions of the parties. Moreover, litigation of these issues to conclusion would create substantial risk for both sides because there is a dispute as to whether the plaintiff was properly classified as an exempt employee beginning on October 1, 2014 and whether, as Peloton contends, if overtime is owed, it is to be calculated under a fluctuating work week analysis. Further, there would be a factual dispute regarding the actual number of hours worked by the Plaintiff who employed reasonable means to calculate unpaid wages and overtime under the Mt. Clemens Pottery analysis (See. *Anderson v. Mt. Clemens Pottery Co.* 328 U.S. 687(1946), superseded by the Portal-to-Portal act of 1947, 29 U.S.C. §216(b) (1946).

The settlement agreement was arrived upon after a day-long meditation process with the assistance of the Court. The parties were represented by knowledgeable counsel and were able to ascertain the risks and benefits of settlement versus continued litigation of the matter.

The settlement amount of $80,000 awards the plaintiff all his claimed wages and overtime and an additional amount of $37,800 as liquidated damages. Given the factual and legal disputes concerning the misclassification issue, the settlement is reasonable and should be approved by the Court.

**Attorney's fees.**

The settlement agreement provides for the payment of reasonable attorney's fees from the settlement proceeds in accordance with the retainer agreement between the plaintiff and Steiner & Kostyn LLP ("Retainer"). Pursuant to the Retainer which is attached hereto as exhibit "B", Steiner & Kostyn LLP is now entitled to reimbursement of costs, and attorney's fees of one-third of all amounts recovered.

The contingent attorney's fee due under the retainer agreement is $26,831.00. Based upon my knowledge of handling FLSA and NYLL matters, a one-third contingency fee is a standard and acceptable arrangement in the Southern District of New York. *Kim v. Major Auto. Grp.*, 2016 U.S. Dist. Lexis 39676 (S.D.N.Y. 2016), *Gaspar v. Pers. Touch Moving, Inc.*, 2015 U.S. Dist. Lexis 162243 (S.D.N.Y. 2015). Moreover, it is not necessary for the Court to address the fee arrangement between plaintiff and his counsel under *Cheeks v Freeport Pancake House, Inc.*, 796 F3d 199 (2d Cir 2015).

"As described in *Cheeks*, the purpose of the FLSA is to regulate the relationship between an employee and his employer and to protect from overreaching by the employer *Cheeks v Freeport Pancake House, Inc.*, 796 F3d 199 (2d Cir 2015). It is not the purpose of the FLSA "to regulate the relationship between the employee as plaintiff and his counsel or to alter the freedom of contract between a client and his attorney." *Villalva-Zeferino v Park Pizza*, 2016 US Dist. LEXIS 19125 (S.D.N.Y. Feb. 17, 2016).

      We have enclosed a true and correct copy of billing statements based upon the contemporaneous time records kept by Steiner & Kostyn LLP in connection with this matter (Exhibit "C.")[2] All of our time billed was reasonably necessary to secure the results that we have achieved for our client.  We employed our billing records in the course or negotiating during the settlement conference, as the basis of a lodestar calculation of attorney's fees had such an award been assessed against the defendants in favor of the plaintiff.[3]  I have calculated the lodestar fee at $400 per hour, although my full billing rate is $450.00 per hour.  I respectfully submit that my 34 years of litigation experience, the fact that employment law is a substantial focus of my practice, and the customary billing rates in this district justify the hourly rate upon which our hour billing is based.  Although the contingency fee somewhat exceeds what would be due under an hourly arrangement, we respectfully assert that the fee is reasonable, particularly in light of the result, the difficulty of the issues and risk undertaken by counsel, who would have forfeited the bulk of his contingency fee had there been a ruling that the Plaintiff was exempt.

      Given the conflicting legal positions and evidence and the through settlement process, the settlement represents a reasonable compromise of the contested issues.  We respectfully request that the settlement be approved.

                                      Respectfully Submitted,
                                              /s/
                                      Scott J. Steiner

---

[2]    The Plaintiff paid Steiner & Kostyn and initial fee of $1,400 to review his termination from employment prior to being retained in this FLSA matter.  The FLSA retainer agreement provided for an upfront retainer of $3,500.00.  However, only $2427.00 was paid.  In addition to the upfront retainer, Steiner & Kostyn is entitled to a one-third contingency fee.

[3]    During the settlement conference, I had estimated to the Court that the billable time recorded during the litigation of the matter approximated $18,000.00.  I had made that estimate in conjunction with my argument that the plaintiff, if successful would be entitled to wages, liquidated damages and attorney's fees based upon a lodestar calculation.  I did not intend to represent the amount of my fee under the retainer agreement.  Defendants' counsel is concerned that the Court may have understood me to have represented the amount of the settlement fund that I am entitled to under my agreement with the plaintiff.  I did not make such representation and I hope that the Court did not misconstrue my argument.



STEINER KOSTYN LLP   2 William Street, Suite 302, White Plains, N.Y. 10601
Telephone (914) 328-4734 | Fax (914) 328-8648 | e-mail ss@steinerkostyn.com